UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PHONG TRAN, ET AL

VERSUS

LINDA BELL THOMPSON, ET AL

CIVIL ACTION

NUMBER 14-263-SDD-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, July 14, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PHONG TRAN, ET AL

VERSUS

LINDA BELL THOMPSON, ET AL

CIVIL ACTION

NUMBER 14-263-SDD-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court is a Motion to Remand filed by plaintiffs Phong and Kim Tran, individually and on behalf of their minor daughter. Record document number 8. The motion is opposed.[1]

For the reasons which follow, the plaintiffs' Motion to Remand should be granted.

**<u>Background</u>**

Plaintiffs, who are Louisiana citizens, filed a Petition for Damages (hereafter, "Petition") in state court on August 21, 2008 alleging state law negligence claims as the basis for recovery of damages they and their minor daughter suffered as a result of her fall from a wheelchair. The fall allegedly occurred at the

---

[1] Record document number 11, Adaptive Engineering Lab, Inc.'s Opposition to Motion to Remand; record document number 13, Sunrise Medical's Opposition to Plaintiffs' Motion to Remand, filed by Sunrise Medical (US) LLC and Sunrise Medical HHG, Inc.; record document number 15, Freedom Design's Joinder and Incorporated Memorandum in Opposition to Plaintiffs' Motion to Remand. Plaintiffs also filed a reply memorandum. Record document number 19.

plaintiffs' home when their daughter was receiving homebound instruction from an employee of the East Baton Rouge Parish School Board. Plaintiffs named as defendants the East Baton Rouge Parish School Board and its employee, Linda Bell Thompson, and their two unnamed liability insurers.[2] On August 28, 2009 the plaintiffs filed a First Amended and Supplemental Petition for Damages naming the Princeton Excess and Surplus Lines Insurance Company as the insurer of the School Board and Thompson.

A mediation was held in October 2013, and on October 15, 2003 the parties agreed to a settlement. The settlement was eventually approved by the court. Based on the settlement, the plaintiffs filed a Motion and Order for Partial Dismissal on March 19, 2014 to dismiss with prejudice all claims against the School Board, Thompson and Princeton Excess, reserving their rights against all other parties.[3] The state court judge signed the dismissal order on March 26, 2014.[4]

Between the time the parties agreed to the settlement and when the dismissal order was signed, the plaintiffs filed a Second Amended and Supplemental Petition for Damages (hereafter, "Second Amended Petition") against four new defendants and an unnamed

---

[2] Record document number 8-3, Petition filed August 21, 2008.

[3] Record document number 11-6, Motion and Order for Partial Dismissal.

[4] *Id.*, p. 2.

3

insurer on December 23, 2013 .[5] The four new defendants named in the Second Amended Petition were Sunrise Medical (US) LLC, Sunrise Medical HHG, Inc. (collectively, "Sunrise Medical"), Adaptive Engineering Lab, Inc., and Freedom Designs, Inc. Plaintiffs alleged claims against all of these defendants under the Louisiana Products Liability Act for failure to properly design, manufacture and warn of dangerous conditions in the wheelchair and its harness. On February 28, 2014 the plaintiffs requested service on these four defendants, and service was made on Adaptive Engineering on April 2, 2014.[6]

Adaptive Engineering filed its Notice of Removal on May 1, 2014.[7] Adaptive Engineering alleged diversity of citizenship as the basis for federal jurisdiction, and also alleged that the removal was proper and timely under 28 U.S.C. § 1446(b) because of the "judicially-created revival exception."[8] Adaptive Engineering

---

[5] Record document number 1-6 (and record document number 8-4). The state court records show that the Second Amended Petition was filed on December 23, 2013. Record document number 1-6, p. 41. The Order granting leave to file it is dated December 26, 2013. *Id.* p. 43. Although the Order refers to "the attached **First** Amending and Supplemental Petition for Damages" (emphasis added), no party disputes that this is the Order which granted leave for the plaintiffs to file their Second Amended Petition.

[6] Record document number 11-5, counsel for plaintiffs letter to clerk to perfect service of Second Amended Petition.

[7] The other three newly-named defendants later filed a Consent to Removal. Record document numbers 5 and 9.

[8] Record document number 1, Notice of Removal, ¶ 20. In
(continued...)

4

claimed that the Second Amended Petition contained an entirely new cause of action against new defendants, without re-alleging or incorporating by reference the allegations and causes of action against the defendants named in the original petition. Therefore, Adaptive Engineering asserted, the Second Amended Petition constituted essentially a new lawsuit, that it provided the defendants with a restored right to remove within 30 days of service of the Second Amended Petition, and the plaintiffs could not defeat this right by re-naming the non-diverse defendants with whom they had already settled their claims.

Within 30 days of the removal the plaintiffs filed their Motion to Remand. Plaintiffs' motion is based on the one year limitation set forth in § 1446(c)(1). Plaintiffs argued that the defendant's removal was untimely because it removed the case well over one year from when the case was commenced in state court - which was on August 21, 2008. Plaintiffs argued further that the revival exception does not apply because the case was not initially removable, since it is undisputed that the original defendants were not diverse. Plaintiffs also maintained that the facts in this case do not support equitable tolling or application of the bad faith exception to the one year time limit for removal.

Plaintiffs also requested an award of attorney's fees and

---

[8](...continued)
support of the revival exception the defendant cited *Johnson v. Heublein, Inc.*, 227 F.3d 236 (5th Cir. 2000).

costs under 28 U.S.C. § 1447(c).

Defendants opposed the motion relying solely on the equitable estoppel/bad faith exception to the one year limit for removal. Defendants argued that the plaintiffs engaged in procedural manipulation in state court to avoid federal jurisdiction and defeat their right to remove the case.

Based on the applicable law and the analysis that follows, the defendants's arguments that their removal was timely are unsupported and the plaintiffs' Motion to Remand should be granted.

### **Applicable Law**

Under the current version of § 1446(b), which became effective January 6, 2012, the time limits for filing the notice of removal are as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> ...
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Therefore, under § 1446(b)(3) a case that is not initially

6

removable can become removable pursuant to a voluntary act of the plaintiff. *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967). The amended pleading, motion, order or other paper that initiates the right to remove under this paragraph must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which support federal jurisdiction. *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000).

However, a case may not be removed under § 1446(b)(3) on the basis of diversity jurisdiction, "more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent the defendant from removing the action." 28 U.S.C. § 1446(c)(1). Under both Louisiana and federal law an action commences when it is filed. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 885 (5th Cir. 1998).[9]

Section 1446(c)(1) is an amendment to the general removal statute that encompasses the previously recognized bad faith exception to the one year time limitation. Under the exception that is now included in the statute, a case may be removed more than one year after commencement of the action if the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. *Id.*; *Tedford v.*

---

[9] Rule 3, Fed.R.Civ.P.; LSA-C.C.P. Art. 421.

7

*Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). In *Tedford,* the Fifth Circuit addressed whether the statute's one year limit on removal was absolute or subject to equitable exception. The court concluded that § 1446(b) was not inflexible and that the conduct of the parties may affect whether it is equitable to strictly apply the one year limitation on removal. Thus, under circumstances which indicate that a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one year limit be extended. *Tedford,* 327 F.3d at 426-29.

Because the current version of the statute was not in effect when the plaintiffs filed their suit in state court in 2008, *Tedford* rather than the statutory exception applies. *Jones v. Shaner SPE Assoc.*, 2012 WL 1609884, 1-2 (W.D.La. May 7, 2012).[10] However, whether under *Tedford* or the statute, the legal standards to be applied are the same because the 2011 amendments to the federal jurisdiction statutes simply codified the long recognized jurisprudential equitable-tolling exception to the one-year deadline. *Id; Carey v. Allstate Ins. Co.*, 2013 WL 5970487, 3 (W.D.La. Nov. 7, 2013).

Plaintiffs also moved for an award of costs and attorney's fees under 28 U.S.C. § 1447(c). There is no automatic entitlement

---

[10] *See*, Pub.L. No. 112-63 § 105(d).

to an award of costs and attorney fees under § 1447(c). The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.*, at 711.

The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert.*

9

*denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

## **Analysis**

In their Notice of Removal the defendants relied on the revival exception in claiming that removal was proper even though it was well over one year from commencement of the action. However, the defendants did not assert this exception in their opposition memoranda. Defendants were correct to not do so. The revival exception applies only to cases that are initially removable under § 1446(b)(1). It can be used by a defendant when the case stated in the initial pleading is removable but the right lapses for some reason. The lapsed right to remove an initially removable case within 30 days can be restored if the plaintiff amends the complaint so substantially that it alters the character of the action so as to essentially constitute a new lawsuit. *Johnson v. Heublein, Inc., supra.* This case was not initially removable because Louisiana plaintiffs initially sued Louisiana defendants. The revival exception is not applicable.

The only remaining theory on which the defendants can rely to establish that their removal was timely is the bad faith exception under § 1446(c)(1). With regard to this issue certain critical facts are undisputed. This action commenced in state court when the plaintiffs filed their Petition on August 21, 2008. Plaintiffs alleged negligence claims against non-diverse defendants. Therefore, when the plaintiffs filed their Petition in 2008 the

case could not be removed under § 1446(b)(1) based on diversity jurisdiction. That means the time limits for removal of this case are governed by § 1446 (b)(3) and § 1446(c)(1), which apply to cases that are not removable based on the initial pleading. Under these provisions Adaptive Engineering timely removed the case within 30 days of when it was served with the Second Amended Petition, but that was almost six years after commencement of the action. Unless the removing defendants can establish an exception to the application of the one year time limit, the removal of this case is foreclosed by § 1446(c)(1).

Defendants argued that the one year rule should not be applied to this removal because the plaintiffs engaged in bad faith conduct to prevent them from removing. Defendants argued the plaintiffs attempted to manipulate the rules to prevent removal by: (1) waiting more than five years to add entirely new claims and defendants in the Second Amended Petition; (2) waiting until after the settlement with the original non-diverse defendants to add the LPLA claim against them; and, (3) waiting until just before dismissal of the non-diverse defendants to request service, so that service on the new defendants did not occur until after the non-diverse defendants were dismissed.

These arguments are unpersuasive. None of this conduct supports a reasonable inference that the plaintiffs engaged in procedural manipulation, or other bad faith conduct to prevent the

11

defendants from removing the case. The fact that the plaintiffs waited more than five years to bring a new claim against diverse defendants Sunrise Medical, Adaptive Engineering, and Freedom Designs had no affect on these defendants right to remove this case. Whether the plaintiffs filed their Second Amended Petition less than one year or more than one year after filing their Petition is immaterial. The diverse defendants could not remove this case so long as the plaintiffs maintained their claims against the non-diverse defendants they originally sued.[11] In other words, it does not matter when the plaintiffs amended their Petition to add claims against the new defendants. The case could not be removed based on diversity of citizenship so long as the plaintiffs had a pending state court suit alleging viable claims against the non-diverse defendants.

Similarly, it is immaterial that the plaintiffs waited to file their Second Amended Petition until after their settlement with the original defendants, and then waited to request service. If the plaintiffs had filed their Second Amended Petition before the settlement and immediately requested service, the new defendants could not have removed the case because of the one year time limit and the lack of diversity. According to the defendants, the most important indication of the plaintiffs' intent to prevent removal

---

[11] Defendants did not argue that the plaintiffs had no possibility of recovery against the non-diverse defendants.

by procedural manipulation was withholding service of the Second Amended Petition until they requested service on February 28, 2014.[12]  Defendants argued that this delayed request for service caused Adaptive Engineering not to be served until after the non-diverse defendants were dismissed.  Yet, the defendants failed to explain how the opposite conduct - not delaying the request for service - would have given them a timely opportunity to remove based on diversity.  Furthermore, as pointed out by the plaintiffs, even if the delay in service caused the new defendants to be served after the dismissal order, this actually provided the defendants with their only arguable basis for removal - it was only at that point all non-diverse defendants were dismissed from the case.[13]

Defendants also appeared to argue that bad faith is demonstrated by the plaintiffs asserting an entirely new claim against them in an amended petition rather than filing a new suit.[14]  However, the defendants cited nothing to show that bringing the claim in this manner was an improper manipulation or violation of state procedural rules.  Nothing in the state court record shows that any defendant sought to have the Order which granted the plaintiffs leave to file their Second Amended Petition vacated for

---

[12] Record document number 11, p. 4.

[13] Record document number 19, p. 4.

[14] Record document number 11, p. 7; record document number 13, p. 5.

some procedural deficiency, or sought an order requiring the plaintiffs to file a new suit to assert their claims against Sunrise Medical, Adaptive Engineering and Freedom Designs. With nothing to show that adding Sunrise Medical, Adaptive Engineering and Freedom Designs as defendants in the Second Amended Petition was improper under state law, an inference of bad faith cannot be supported based on this conduct.[15]

Defendant's Adaptive Engineering's removal was more than one year after the commencement of the case in state court, and the defendants have failed to establish the plaintiffs acted in bad faith to prevent them from removing the case earlier. Therefore, the plaintiffs' Motion to Remand should be granted.

Review of the Notice of Removal and the defendants' opposition memoranda, also supports the conclusion that the defendants did not have an objectively reasonable basis to remove the case. Defendants removed the case citing the revival exception to show that the removal was timely, even though under the well-established

---

[15] Defendants did not cite any decision, with facts similar to this case, in which the court found the plaintiff manipulated the state procedural rules to prevent the defendant from exercising the right to remove the case. An unpublished district court case from West Virginia with similar facts supports the conclusion that the defendants could not remove this case because of the one year time limit imposed on cases that are not initially removable. *See, Taylor v. Bright,* 2011 WL 1565899 (S.D.W.Va. April 25, 2011)(nothing in the text of the statute permits resetting the one year time period based on the later addition of new parties or claims in a pending suit; the one year time limit prohibits a later-added defendant from removing an initially non-removable case based on diversity jurisdiction more than one year after the case was commenced in state court).

statutory and case law the exception applies only to cases that are initially removable, and this case clearly was not initially removable.  That the defendants failed to mention this exception in their memoranda supports finding that is was not reasonable for them to cite and rely on the revival exception in their Notice of Removal.  Furthermore, the defendants simply relied on illogical arguments to support not applying the one year time limit under § 1446(c)(1).  The analysis above demonstrates that the defendants lacked an objectively reasonable basis for removing the case and an award of costs and attorney's fees is justified.

Plaintiffs did not submit a request for an award of a particular amount.  Review of the record support requiring the defendants to pay attorney's fees incurred as a result of the removal in the amount of $1,000.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiffs' Motion to Remand be granted.

It is further recommended that under 28 U.S.C. § 1447(c) defendant Adaptive Engineering Lab, Inc., pay to the plaintiffs attorney's fees incurred as a result of the removal in the amount of $1,000, within such time as the court may direct.

Baton Rouge, Louisiana, July 14, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE